BRADY *v.* POWELL.

4-9234                                    233 S. W. 2d 61

Opinion delivered October 16, 1950.

*John D. Eldridge, Jr.,* for appellant.

*Dennis W. Horton,* for appellee.

HOLT, J. Appellee, Signa Powell, began this suit in August, 1949. She alleged that she acquired title in September, 1937, to a 40-acre tract of land in Woodruff County, as follows: ''The southwest quarter of the southwest quarter (SW¼ of SW¼) of section thirty-six (36), township five (5) north, range three (3) west.''

''That she immediately thereafter went into possession of said above described land up to an old fence row on the east boundary line thereof which was the division line between the property herein described'' and an 80-acre tract owned by the McGowan Estate hereinafter described; ''that she has been in actual, open, adverse and continuous possession of said above described land that was conveyed to her, up to the said old fence row, since 1937 or more than ten years;'' that her husband George W. Powell, purchased the 80-acre tract, above, from the McGowan estate in March, 1945, under the following description: ''The east (½) of the southwest quarter (SW¼) of section thirty-six (36), township five (5) north, range three (3) west of the fifth principal meridian, containing eighty (80) acres, less Missouri and

North Arkansas Railroad right-of-way and Arkansas Highway right-of-way.''

That her husband ''George W. Powell on the 20th day of April, 1945, sold to the defendant herein, J. B. Brady, said lands and conveyed title thereto by executing and delivering a warranty deed with relinquishment of dower. This plaintiff states that she executed said deed and signed her name thereto acknowledging her relinquishment of dower and homestead and that she otherwise had no interest in said property nor received any of the benefits therefrom; that the scrivener inadvertently drew the deed and placed 'we' where it should have been 'I,' relative to warranty, which was a mutual mistake, and the defendant herein, knew that said land was owned by Geo. W. Powell.''

In this deed from George Powell to appellant, Brady, the same description was used as in the above deed from the McGowan Estate to George Powell.

She asked that appellant be enjoined from proceeding with the building of said fence; ''that the deed from George W. Powell to J. B. Brady be reformed so that this plaintiff be in no wise obligated as guarantor of title or otherwise, except as releasing dower and homestead, therein; that title to said land up to the old fence be quieted and confirmed in this plaintiff.''

Appellant answered with a general denial and alleged that he was entitled, under his deed from George Powell, to the full 80-acre tract, that his title be quieted in the 3.3 acres in dispute, and claimed by Signa Powell; or in the alternative that the purchase price of $3,750, which he paid for the 80-acre tract, be abated to the extent of the 3.3-acre deficiency.

The trial court found ''that plaintiff is the owner of, and she and those under whom she claims have adversely and continuously held for more than seven years, the southwest quarter of the southwest quarter (SW¼ SW¼) of section thirty-six (36), township five (5) north, range three (3) west, and up to the old fence row on the

east boundary thereof which is the division line between her land hereinabove described and the east half (E½) of the southwest quarter (SW¼) of section thirty-six (36), township five (5) north, range three (3) west, all lying in Woodruff County, Arkansas, and title to said first above described tract of land should be quieted and confirmed in said plaintiff, Signa Powell, and the temporary restraining order heretofore made on September 7, 1949, should become perpetual.

"It is further found by the court, that a mutual mistake was made in the Warranty Deed with Relinquishment of Dower, executed by Geo. W. Powell and Signa Powell to J. B. Brady, and appearing of record in the office of the clerk and recorder of deeds for Woodruff County, Arkansas, in Deed Record Book QQ at page 67 thereof, and same should have conveyed only that part of the east half (E½) of the southwest quarter (SW¼) of section thirty-six (36), township five (5) north, range three (3) west lying east of the old fence row hereinabove described and set out," and should be reformed accordingly.

It further found that appellee, George Powell, had breached no covenant of warranty in his deed to Brady, that appellant was entitled to no relief, and entered a decree accordingly.

This appeal followed.

The preponderance of the evidence was to the effect that appellee, Signa Powell, acquired the 40-acre tract in question in 1937, as above indicated, and had claimed and occupied adversely up to the fence line dividing her land from the 80-acre tract claimed by appellant and that this established fence up to which she claimed had been in existence, and the division line, many years prior to 1937.

Without detailing the testimony, we hold that the preponderance thereof supports the Chancellor's finding and decree awarding Signa Powell the 40-acre tract and additional land up to the old fence row and division line,

which represents the 3.3 acres (in question) by adverse possession for more than 7 years, and quieted her title thereto.

The evidence shows that Signa Powell owned in her own right the land awarded her in the above decree and that her husband owned in his own right the tract described as 80 acres, conveyed to him by the McGowan Estate, and which he later conveyed to appellant, Brady. Signa Powell had no interest in this 80-acre tract except dower. That appellant knew this is clearly demonstrated by his own testimony: "Did you know Mrs. Powell owned that land immediately adjoining that on the highway? A. West of it, yes. Q. Did you consider you were buying any land from Mrs. Powell? A. Only her right of dower and homestead to the same eighty acres that he acquired from the McGowan Estate. That is all I am contending for. Q. You were buying and understood you were buying the same land from Powell that he bought from McGowan? A. Yes. Q. At that time a survey had not been made? A. That is right; the deed called for eighty acres and her signature on it for the right of dower and homestead which Mrs. Brady always does sign. Q. When you hailed Mr. Powell in the street and mentioned buying the land, was any amount of land mentioned? A. No, it was to be the same land he had bought from the McGowans."

In the circumstances, we hold that the court correctly held that there was a mutual mistake in the execution of this deed from Powell to appellant and decreed that it be reformed in accordance with Signa Powell's allegation in her complaint above.

We have reached the conclusion that appellant's alternative prayer, that he be allowed an abatement in the purchase price of the 80-acre tract, must be sustained.

Appellant's deed from George Powell called for 80 acres without any qualifications such as "more or less," or any qualification whatever. We have here a sale by the acre and appellant was entitled to the full acreage called for in his deed which was of the essence of the con-

tract. It is undisputed that the tract was short the 3.3 acres which we have indicated were acquired by Signa Powell by adverse possession.

In *Glover* v. *Bullard,* 170 Ark. 58, 278 S. W. 645, this court thus announced the rule: "The general rule on this question is clearly stated in *Weart* v. *Rose,* 16 N. J. Eq. 290. It is there said that the general rule as laid down by Chancellor Kent is that where it appears by definite boundaries, or by words of qualification, as 'more or less,' or as 'containing by estimation,' or the like, that the statement of the quantity of acres in the deed is a mere matter of description, and not of the essence of the contract, the buyer takes the risk of the quantity, if there be no intermixture of fraud in the case.

"On the other hand, where the sale is by the acre, and the statement of the quantity of acres is of the essence of the contract, the purchaser, in case of a deficiency, is entitled in equity to a corresponding deduction from the price," and in *Harrell* v. *Hill,* 19 Ark. 102, it was held: (Fifth Headnote):

"The general rule is, that when a misrepresentation is made as to quantity, though innocently, the right of the purchaser is to have what the vendor can give with an abatement out of the purchase money for so much as the quantity falls short of the representation; and such abatement ought to be in proportion to the price given for the whole tract as represented, without regard to any other evidence of the value of the land."

Accordingly, the decree in so far as it relates to appellee, Signa Powell, is affirmed. As to the abatement of the purchase price, the decree is reversed and the cause remanded with instructions to the Chancery Court to enter a decree in accordance with this opinion.